UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TONI COCHELL,

                Plaintiff,         Civil Action No.: 14-10672
                                        Honorable Linda V. Parker
v.                                  Magistrate Judge David R. Grand

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
_____/

## REPORT AND RECOMMENDATION
## ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [9, 13]

      Plaintiff Toni Cochell brings this action pursuant to 42 U.S.C. § 405(g), challenging a final decision of Defendant Commissioner of Social Security ("Commissioner") partially denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions [9, 13], which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

### I.    RECOMMENDATION

      For the reasons set forth below, the Court finds that the Administrative Law Judge ("ALJ") appropriately assessed Cochell's credibility, assessed a residual functional capacity ("RFC") supported by substantial evidence of record and correctly concluded at Step Four that Cochell could return to her past relevant work. Accordingly, the Court recommends that the Commissioner's Motion for Summary Judgment [13] be GRANTED, Cochell's motion [9] be DENIED and that, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's decision

be AFFIRMED.

## II. REPORT

### A. Procedural History

On April 19, 2011, Cochell filed an application for DIB, alleging disability as of December 17, 2007. (Tr. 173-79). On May 2, 2011, she filed an application for SSI, alleging the same date of onset. (Tr. 180-89). The claims were denied initially on August 25, 2011. (Tr. 122-29).[1] Thereafter, Cochell filed a timely request for an administrative hearing, which was held on September 11, 2012, before ALJ James Kent. (Tr. 39-69). Cochell, represented by counsel, testified at the hearing, as did a vocational expert ("VE"). *Id.* In a written decision dated November 27, 2012, the ALJ found Cochell disabled for a closed period between December 15, 2008 through April 12, 2012, but found that medical improvement had occurred as of April 13, 2012, and that Cochell was no longer disabled as of that date. (Tr. 15-38). On December 12, 2013, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner for purposes of this review. (Tr. 1-4). Cochell filed for judicial review of the final decision on February 13, 2014. [1].

### B. Framework for Disability Determinations

Under the Act, DIB and SSI are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" in relevant part as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

---

[1] It appears from the record that Cochell had also previous filed applications at some point in 2010, evidenced by denial notices dated July 14, 2010. (Tr. 114-21). However, those applications were not addressed by the ALJ and do not appear to be at issue here.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five:  Even if claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Schueuneman v. Comm'r of Soc. Sec.*, No. 11-10593, 2011 U.S. Dist. LEXIS 150240 at *21 (E.D. Mich. Dec. 6, 2011) *citing* 20 C.F.R. §§ 404.1520, 416.920; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps . . . . If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### C. Background

#### 1. Plaintiff's Testimony and Subjective Reports

Cochell first reported that the conditions preventing her from working were bulging disks, depression and high cholesterol. (Tr. 250). During her testimony, Cochell also claimed

disability due to carpal tunnel syndrome, although she did not report this condition when she first applied, and did not report having trouble using her hands at the time of her application. She reported stopping work as an assembler due to her conditions, but had previously reported stopping work due to her sister losing the job that Cochell was helping her perform. (Tr. 201; 250).

Cochell reported living with a friend who helped her with some personal care, and helped take care of her three children. (Tr. 234-35; 262-63). She reported being unable to stand or sit too long due to back pain. (Tr. 262). She testified that she rates her pain at a 7/10 normally, and an 8/10 during flare-ups, which happen a few times a day. (Tr. 60-61). She also reported trouble sleeping. (Tr. 62; 235; 263). She does not do housework or yard work, and only cooks occasionally. (Tr. 236-37; 264-65). She goes outside daily, and can drive alone very short distances. (Tr. 63; 237; 265). She shops with her roommate for groceries every two weeks for two hours. *Id.*

Cochell reported that her conditions interfere with her ability to lift, squat, bend, stand, reach, walk, sit, kneel, reaching, climb stairs and complete tasks. (Tr. 239; 267). She testified she cannot lift a small bag of potatoes, can stand for 10 minutes at a time, sit for a half an hour and walk for 10 minutes before needing to rest. (Tr. 49-50). She testified to being able to climb ramps and stairs, being able to reach above her head, pour coffee and pick up small objects with her left, but not her right, hand. (Tr. 50-51). She reported no problems with her hands, and reported no problems getting along with others, concentrating, following instructions or handling changes to her routine. (Tr. 56-57; 239-40; 267-68). She testified that she needed reminders three to four times a day regarding performing a task. (Tr. 54). She reported not handling stress well, however. (Tr. 268). She testified to 10-15 bad days a month, meaning that she cannot get

out of bed without help, and that she needs to frequently alternate between sitting and standing. (Tr. 58-59). Cochell's roommate generally corroborated her subjective reports. (Tr. 222-29; 286-93).

### 2. *Medical Evidence*

Cochell does not take direct issue with the ALJ's evaluation of the medical evidence in this case. The Court has thoroughly reviewed the record, and will discuss the relevant portions of that record within the analysis portion of this Report and Recommendation.

**D.     The ALJ's Findings**

The ALJ went through two five-step sequential analyses, resulting in a finding that, for the period between December 15, 2008 and April 12, 2012, Cochell was under a disability as defined by the Act, but that, as of April 13, 2013, she had made medical improvement such that she was not disabled. (Tr. 15-38). At Step One, the ALJ determined that Cochell had engaged in substantial gainful activity between her alleged onset date of December 17, 2007, and December 15, 2008, and thus could not be found disabled prior to December 15, 2008. (Tr. 23). At Step Two he found the following severe impairments: degenerative disc disease and right carpal tunnel syndrome. (Tr. 23). In making this finding, the ALJ determined that other of Cochell's conditions, including gastroesophageal reflux disease, left carpal tunnel syndrome and cervical degenerative disease, were not severe impairments because they did not more than minimally interfere with Cochell's ability to perform work activities. (Tr. 23). Although the ALJ did not list a mental impairment in his list of severe impairments, he wrote in his Step Two analysis that he had found a medically determinable mental impairment, and then went on to analyze Cochell's functional mental abilities. (Tr. 24). He found that she had mild limitations in her activities of daily living, social functioning and ability to maintain concentration, persistence and

pace, with no episodes of decompensation. (Tr. 24).

At Step Three, the ALJ concluded that none of Cochell's impairments, either alone or in combination, met or medically equaled a listed impairment, comparing them specifically to Listings 1.04 (Disorders of the Spine) and 11.14 (Peripheral Neuropathies). (Tr. 24-25). Next, the ALJ assessed Cochell's RFC for the period between December 15, 2008 and April 12, 2012, finding her capable of sedentary work with a sit/stand option, never able to climb ladders, ropes or scaffolds, but frequently able to climb ramps, stairs, balance, stoop, kneel, crouch or crawl, and needing to avoid concentrated exposure to cold, heat, humidity and vibration. (Tr. 25). However, the ALJ found that Cochell would be off-task more than 10% of the work day due to unscheduled breaks, would need to be reminded of tasks at least three times a day, would be absent from work more than two days a month, and would be unable to engage in sustained work activity on a regular and continuing basis. *Id.*

At Step Four, the ALJ concluded that, based on her RFC, Cochell was unable to perform her past relevant work during the period in question. (Tr. 28). At Step Five, and with the assistance of VE testimony, the ALJ concluded that there were no jobs that existed in significant numbers in the national economy that Cochell could have performed during the period in question and thus she was disabled during that period. (Tr. 29).

Next, the ALJ assessed Cochell's disability status for the period beginning April 13, 2012. At Step Two, he found that she had not developed any new impairment, and thus her current severe impairments remained the same. (Tr. 30). At Step Three, the ALJ determined that none of Cochell's impairments met or medically equaled a listed impairment, again considering Listings 1.04 (Disorders of the Spine) and 11.14 (Peripheral Neuropathies). *Id.* The ALJ then concluded that medical improvement had occurred that was related to Cochell's ability

6

to work because there had been an increase in her RFC. *Id.* The ALJ then formulated a new RFC for the period beginning April 13, 2012, finding Cochell capable of light work, except that she could never climb ladders, ropes or scaffolds could frequently climb ramps or stairs, balance, stoop, kneel, crouch or crawl. (Tr. 30-31). She could also understand, remember and carry out normal work instructions and make judgments on normal work-related decisions. *Id.* She could interact appropriately with supervisors and co-workers in a routine work setting, and she could respond to usual work situations and changes in a routine work setting. *Id.*

Based on the constraints of her new RFC, at Step Four the ALJ concluded that Cochell could perform her past relevant wok as a parts assembler, cashier/food prep and retail manager, and thus her disability ended on April 13, 2012. (Tr. 32). In making all of these determinations, the ALJ concluded that Cochell's substance abuse disorder, for which she was receiving treatment, was not a contributing factor material to the determination of disability. (Tr. 33).

### E.     Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.") (internal quotations omitted). Substantial evidence is "more than a scintilla of evidence but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). In deciding whether substantial evidence supports the ALJ's decision, the Court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider the record as a whole. *Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

**F.  Analysis**

Despite Cochell's brief's heading stating that she takes issue with the ALJ's evaluation of

her medical records and opinion evidence, as well as with his formulation of an inaccurate hypothetical, the body of her brief fails to meaningfully address those issues. [*See generally* 9]. Her motion consists mainly of a compilation of quotations of black letter case law, and a recitation of her own testimony, with no accompanying analysis or application of the law to the facts of her case. Further, while Cochell cites medical evidence to support her argument, all of the medical evidence she cites involves a period prior to the date the ALJ determined she had medically improved. While she spends more than two pages reciting the law on the treating physician's rule, she fails to cite any medical opinion for which the ALJ failed to account, let alone argue why the ALJ's evaluation was error. Finally, although her argument heading does not suggest she takes issue with the ALJ's credibility determination, the issue of credibility is the only argument in her brief that could be considered even partially developed. (*Id.* at 9-11).

Cochell's brief is very similar to one her counsel filed in another matter, *Burger v. Comm'r of Soc. Sec.*, 2013 WL 2285375 (E.D. Mich. May 23, 2013), which the court found to present no non-waived issue. And, on March 24, 2014, Chief Judge Rosen issued a scathing commentary on Cochell's counsel's approach to his clients' summary judgment briefs:

> … [T]his reliance on conclusory assertions and absence of developed argument has become the calling card of Plaintiff's counsel in a number of recent Social Security cases, and nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel. In light of this lamentable record of filing one-size-fits-all briefs and inviting the Judges of this District to formulate arguments and search the record on his clients' behalf, Plaintiff's counsel is strongly cautioned that this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case. Failure to adhere to these standards will result in the imposition of sanctions and possible referral of counsel for disciplinary proceedings.

*Fielder v. Comm'r of Soc. Sec.*, 2014 WL 1207865, at *1, n. 1 (E.D. Mich. Mar. 24, 2014) (internal citations omitted). Cochell's brief in the instant case was filed after the issuance of the

*Fielder* opinion, and is yet another "one-size-fits-all" brief, containing the very same "conclusory allegations" and "absence of developed argument" that Chief Judge Rosen found wholly insufficient in *Fielder*, permitting this Court to infer that Cochell's counsel does not even read this Court's decisions. Here, then, the Court could find that Cochell has waived her arguments. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal quotations omitted). Nonetheless, for the sake of completeness, and because a client in this situation should not be held accountable for her counsel's failings, the Court will consider the evidence in light of the arguments raised (albeit vaguely) by Cochell.

### 1. *Credibility*

Cochell claims that the ALJ erred in formulating his hypothetical question because he failed to take into account all of her credible impairments. While couched as a Step Five challenge, Cochell is really challenging the ALJ's evaluation of her credibility, as the only record evidence she cites in support of her argument is her own subjective testimony, and further, contrary to her assertion, the ALJ found her not disabled at Step Four, and thus did not need to resort to hypothetical questions to the VE in order to make this finding.

Specifically, Cochell argues that the ALJ failed to account for her testimony that she can lift only less than 10 pounds, sit for a half an hour, and walk for 10 minutes, and that she is unable to climb a ladder, or pick up paperclips. She also argues that the ALJ failed to account for her need to nap once a day for one to two hours. Her arguments are unpersuasive.

The Sixth Circuit has held that an ALJ is in the best position to observe a witness's demeanor and to make an appropriate evaluation as to her credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Thus an ALJ's credibility determination will not be

disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The law is clear that an ALJ is not required to simply accept the testimony of a claimant if it conflicts with medical reports and other evidence in the record. *See Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). Thus, when a complaint of pain is in issue, after the ALJ finds a medical condition that could reasonably be expected to produce the claimant's alleged symptoms, she must consider "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians . . . and any other relevant evidence in the case record." to determine if the claimant's claims regarding the level of her pain are credible. *Soc. Sec. Rul.* 96-7, 1996 SSR LEXIS 4 at *3, 1996 WL 374186 (July 2, 1996); *see also* 20 C.F.R. § 404.1529.

Here, the ALJ appropriately considered Cochell's and her roommate's subjective reports and testimony and found it less than fully credible when weighed against the objective medical evidence of record and Cochell's own activities of daily living. The ALJ fully discussed Cochell and her roommate's subjective reports in the first section of his decision where he found her disabled through April 12, 2012. (Tr. 24-26; 28). He then noted that Cochell had not alleged any significant change in her condition since April 13, 2012. (Tr. 31). She stated that she would eventually need another back surgery to repair a bulging, but not-yet-herniated disk, and that she continued to be unable to stand for more than 10 minutes or sit for more than 30 minutes. (Tr. 31). The ALJ then compared these statements with the objective medical evidence. Specifically, he noted that Cochell's neurosurgeon, Dr. Field, had found good strength in her left hand following her carpal tunnel release surgery in May 2012, and that her symptoms in that hand had largely resolved. (Tr. 31; 512). The ALJ noted that the same evidence also showed improvement in Cochell's back pain; although Dr. Field observed marked restrictions in

11

Cochell's lumbar spine motion and mildly positive straight leg maneuvers, she reported feeling "fairly good," and Dr. Field found that she was walking fairly well, able to perform heel and toe walking and knee bending, and had "80% to 80% lumbar flexion." (Tr. 31; 512-14). He also noted she did not "seem to have paravertebral muscle tightness." *Id.* Finally, the ALJ noted that Dr. Field was discontinuing treatment with Cochell due to her improvement, which was inconsistent with her subjective reports that she needed further surgery. (Tr. 31; 59; 61; 512).

The ALJ further noted that Cochell's statements to her primary care provider Chris Hock did not support her alleged degree of limitation, as she had reported in April 2012 that her back pain was stable and that Motrin was adequate in relieving it. (Tr. 521). She also reported in July 2012 that she had been camping recently, and did not report any back pain as a result of that activity. (Tr. 517). Cochell was scheduled to return for a follow-up "in six to eight months," which is not consistent with someone suffering from disabling impairments. (*Id.*). Finally, the ALJ gave limited weight Dr. Field's March 2012 opinion that Cochell could not perform "manual labor." (Tr. 504). The ALJ noted that the statement itself was vague, failing to define what he meant by manual labor, and failing to establish a specific exertional level within which Cochell might be expected to work. (Tr. 31). The ALJ further noted that, to the extent Dr. Field was opining that Cochell could not perform any work and was thus disabled, such a decision is reserved to the Commissioner. (Tr. 32). Cochell does not take issue with the ALJ's weighing of this opinion evidence.

The Court finds that the ALJ gave good reasons for weighing the opinion evidence in this case, and appropriately evaluated Cochell's credibility. Cochell has not offered the Court any compelling reason to disturb that determination, which this Court finds supported by substantial

evidence of record. Therefore, the ALJ's credibility determination should stand.[2]

### 2. *Hypothetical Question*

Cochell parlays her credibility argument into one about the adequacy of the ALJ's hypothetical question to the VE. The Court first notes that the ALJ determined that Cochell was not disabled at Step Four, finding her capable of returning to her past relevant work. (Tr. 32). The burden at Step Four is on the claimant to show that she cannot return to her past relevant work and an ALJ need not obtain the testimony of a VE in making a Step Four determination. *See* 20 C.F.R. § 404.1520(c); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (plaintiff bears the burden at the first four steps); *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010) (ALJ is "not required to solicit testimony from a VE in reaching his conclusion" that a claimant is capable of performing past relevant work). Thus to the extent Cochell argues that the ALJ failed to satisfy his burden at this step, her argument is misplaced.

Further, the Court notes that the hypothetical question at issue included all of the limitations the ALJ ultimately adopted in the RFC of his written opinion (Tr. 30-31; 65), and, as discussed above, the ALJ had good reasons for rejecting Cochell's subjective allegations of limitation, and crafting an RFC and hypothetical that took into account the objective medical record and Cochell's activities of daily living. An ALJ is entitled to rely upon the testimony of a VE in response to hypothetical questions to the extent those questions accurately portray the

---

[2] In her concluding paragraphs, Cochell asserts that the ALJ also erred in evaluating her mental impairment. However, she does not discuss the ALJ's evaluation of her mental condition in her brief and does not allege that the ALJ erred in finding no severe mental impairment at Step Two, or in his consideration of her mental state in the remainder of his decision. Thus, this argument is waived. *See Martinez v. Comm'r of Soc. Sec.* No. 09-13700, 2011 U.S. Dist. LEXIS 34436 at *7 (E.D. Mich. Mar. 2, 2011) *adopted by* 2011 U.S. Dist. LEXIS 34421 (E.D. Mich. Mar. 30, 2011) (noting that "[a] court is under no obligation to scour the record for errors not identified by a claimant" and "arguments not raised and supported in more than a perfunctory manner may be deemed waived") (citations omitted).

claimant's physical and mental impairments.  *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  At the same time, an ALJ is only required to pose those hypothetical limitations that he finds credible.  *Burbo v. Comm'r of Soc. Sec.*, No. 10-2016, 2011 U.S. App. LEXIS 26143 (6th Cir. Sept. 21, 2011) *citing Stanly v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118-19 (6th Cir. 1994).  As discussed above, that is exactly what the ALJ did here, and the Court finds that the limitations contained in Cochell's RFC are supported by substantial evidence of record.  Thus, the ALJ's decision should be affirmed.

### III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Cochell's Motion for Summary Judgment **[9]** be **DENIED**, the Commissioner's Motion **[13]** be **GRANTED** and this case be **AFFIRMED**.

Dated: December 1, 2014　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 1, 2014.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager