UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONI COCHELL,

       Plaintiff,

                                                Civil Case No. 14-10672
v.                                             Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S
DECEMBER 1, 2014 REPORT AND RECOMMENDATION; (2) DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (3)
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

      On February 13, 2014, Plaintiff filed this lawsuit challenging Defendant's final decision partially denying her application for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act.[1] On the same date, the matter was referred to Magistrate Judge David R. Grand for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation

---

[1] The Administrative Law Judge concluded that Plaintiff was disabled and therefore entitled to benefits for the period from December 15, 2008 through April 12, 2012; however, as a result of medical improvement as of April 13, 2012, she was no longer disabled after that date. (A.R. at 19-20.) The Social Security Administration Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (A.R. at 1-4.)

("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2.) The parties subsequently filed cross-motions for summary judgment. (ECF Nos. 9, 13.)

On December 1, 2014, Magistrate Judge Grand issued his R&R in which he recommends that this Court deny Plaintiff's motion, grant Defendant's motion, and affirm Defendant's decision finding Plaintiff not disabled under the Social Security Act as of April 13, 2012. (ECF No. 14.) While the summary of Plaintiff's argument in support of her summary judgment motion suggests that she is challenging Administrative Law Judge James J. Kent's ("ALJ's") assessment of her credibility *and* evaluation of the medical records, resulting in an inaccurate hypothetical (*see* ECF No. 9 at Pg ID 601), Magistrate Judge Grand notes that Plaintiff fails to identify any medical record or opinion evidence that was not properly considered. (ECF No. 14 at Pg ID 643.) As the magistrate judge also notes, Plaintiff spends a considerable portion of her brief reciting the law on the treating physician's rule but fails to cite any medical opinion from a treating physician that the ALJ failed to consider. (*Id.*) Instead, as Magistrate Judge Grand indicates, the focus of Plaintiff's challenge is the ALJ's credibility determination.

Specifically, Plaintiff contends that the ALJ failed to take into account all of her credible impairments and therefore failed to present a hypothetical question to the vocational expert that took into account all of her claimed limitations.

Magistrate Judge Grand concludes, however, that the medical reports and other evidence in the record did not support the Plaintiff's hearing testimony and thus the ALJ did not err in rejecting some of her claimed limitations. (ECF No. 14 at Pg ID 644-46.) The medical evidence cited by Plaintiff to support her testimony, Magistrate Judge Grand points out, involve a period prior to the date the ALJ determined she had medically improved. (*Id.* at Pg ID 643.) Magistrate Judge Grand therefore also rejects Plaintiff's challenge to the adequacy of the ALJ's hypothetical question to the vocational expert as it is premised on Plaintiff's argument that it did not account for all of her claimed limitations. (*Id.* at Pg ID 647-48.)

Finding substantial evidence in the record to support the ALJ's decision, Magistrate Judge Grand concludes by recommending that the Court affirm Defendant's decision. (*Id.* at Pg ID 648.) At the end of his R&R, Magistrate Judge Grand advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.* at Pg ID 648-49.) He further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id.*) Neither party filed objections to the R&R.

This Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Grand. The Court therefore adopts the

magistrate judge's December 1, 2014 Report and Recommendation and is affirming Defendant's decision denying in part Plaintiff social security benefits.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment (ECF No. 9) is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment (ECF No. 13) is **GRANTED**.

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: March 16, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 16, 2015, by electronic and/or U.S. First Class mail.

                                              s/ Richard Loury
                                              Case Manager